CRAWLEY, Judge.
Ricky Cash and Mary Iris Cash (now Mary Iris Cash Pace) were divorced in 1983. They had three children. In the divorce action, service of process had to be made by publication on the father, and no child-support order was entered until 1987. The 1987 order required the father to pay $75 per week in child support. The trial court repeatedly held the father in contempt for his continual failure to pay child support, incarcerating him several times until he purged himself of contempt. The father’s child-support arrearage and interest continued to increase over the years to over $40,000.
In January 1997, the State again petitioned the court to hold the father in contempt for his failure to pay the $75 weekly child support. The trial court held a hearing on the State s petition and entered an order that reduced the father’s child-support obligation to $100 per month and reduced the father’s child-support arrear-age based on the fact that two of the three children had turned 19 since the original order was entered. The State filed a post-judgment motion, which the trial court denied.
The State appeals, arguing that the trial court erred in modifying the child-support award and by reducing the arrearage amount, because, the State says, these were not issues at the hearing. The State contends that the only issue at the hearing was whether the father should be held in contempt for nonpayment of child support. The father has never petitioned to modify his child-support obligation or sought a reduction of his arrearage. Also, at the hearing the State objected to the trial-court’s modification of the child support order and its reduction of the arrearage. Because the father did not request a modification of his child-support obligation or a reduction of his arrearage, and because the State did not consent, pursuant to Rule 15(b), Ala. R. Civ. P., to the trial of these issues, we conclude that the trial court had no authority to modify the child-support order or to reduce the amount of the ar-rearage.
The judgment of the trial court is reversed and the cause is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
YATES, J., concurs in the result.